UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KENNETH RAY HAUN,**

    **Petitioner,**

v.                 Civil No. 4:22-CV-070-P

**BOBBY LUMPKIN, Director,
TDCJ- CID,**

    **Respondent.**

**OPINION AND ORDER**

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Kenneth Ray Haun ("Haun"), a state prisoner confined in the LeBlanc Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Haun, the Court has concluded that the petition should be dismissed with prejudice as barred by the applicable statute of limitations.

**I. BACKGROUND**

  Haun is in custody pursuant to the judgments and sentences of the 1st Criminal District Court in Tarrant County, Texas, in cause number 1425663D. Pet. 2, ECF No. 1; SHCR at 9–13, ECF No. 17-16.[1] Haun was charged by indictment with two counts of sexual assault of a child under seventeen years of age. *Id.* at 7-8. He entered pleas of not guilty to a jury. *Id.* at 9, 11. On June 16, 2016, the jury found Haun guilty as charged and sentenced him to twenty years' incarceration for each count, to be served consecutively. *Id.*

  On February 10, 2017, the Sixth Court of Appeals of Texas affirmed the judgments. *Haun v. State*, No. 06-16-00138-CR, slip op. (Tex. App.—Texarkana 2017, pet. ref'd.); SHCR at 99-107, ECF No. 17-16. Haun filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA).

---

[1]. SHCR refers to the written pleadings contained within *Ex parte Haun*, No. 93,102-01 (Tex. Crim. App. 2021).

*Haun v. State*, PDR No. 0262-17 (Tex. Crim. App. 2017). The TCCA refused the PDR on August 23, 2017. *Id.* at ECF No. 17-12.

On March 12, 2021, at the earliest,[2] Haun filed a state application for writ of habeas corpus challenging his convictions. SHCR at 35, ECF No. 17-16. The trial court adopted the State's proposed findings of fact and recommended that relief be denied. *Id.* at 136–47, 154–55. On September 29, 2021, the TCCA denied Haun's application without written order on the findings of the trial court without a hearing, and on the TCCA's independent review of the record. SHCR at Action Taken, ECF No. 17-13.

Haun constructively filed the instant federal petition for relief under 28 U.S.C. § 2254 on or about December 13, 2021.[3] Pet. 10, ECF No. 1. This proceeding ensued.

## II.     ISSUES

The Court understands Haun to allege:

1. Actual innocence;
2. Insufficient evidence to support the convictions; and
3. Ineffective assistance of trial counsel.

Pet, 6-7, 13-19, ECF 1.

## III.    RULE 5 STATEMENT

The Respondent argues that the § 2254 petition in this case is barred by limitations. 28 U.S.C. § 2244(d). The Respondent reserved the right to argue exhaustion and procedural bar, pending the Court's resolution of the time-bar issue. 28 U.S.C. § 2254(b).

## IV.     ANALYSIS/LIMITATIONS

---

[2]. The prison mailbox rule applies to the filing date of state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Haun signed the state writ application on March 12, 2021, thus that is the earliest date it could be deemed filed. *See* SHCR 35, ECF No. 17-16.

[3]. A § 2254 petition is also deemed filed on the date that the petition is placed into the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir 1998). Haun dated the § 2254 petition on December 13, 2021, and thus that is the earliest date for constructive filing of the petition.

    **A.**    **Application of the Statute of Limitations**

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Haun from filing for federal habeas corpus relief prior to the end of the limitation period. See 28 U.S.C. § 2244(d)(1)(B). Also, Haun's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Finally, Haun has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(D). Accordingly, the date the limitations period began to run on Haun's claims is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A)

The TCCA refused Haun's PDR on August 23, 2017. *Haun v. State*, PDR No. 0262-17. Haun's conviction became final ninety days later on November 21, 2017, when the time for timely filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires); Sup. Ct. R. 13.1.

Therefore, the one-year limitation period for filing a federal petition expired one year later on November 21, 2018. Haun's § 2254 petition, constructively filed on December 13, 2021, was filed over two years too late and should be dismissed with prejudice as time-barred absent any application of statutory or equitable tolling. Pet. 10, ECF No. 1.

    1.    <u>Statutory Tolling Under 28 U.S.C. § 2244(d)(2)</u>

AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Haun's state writ application did not toll the limitation period because it was filed on March 12, 2021, over two years after the limitations period had expired. *See* SHCR at 35, ECF No. 17-16; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

    2.    <u>Equitable Tolling</u>

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). The petitioner bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000).

Haun has not shown that he is entitled to equitable tolling. See Pet. 9, ECF No. 1. Haun admits that "he had no knowledge that he could appeal the decision of the State courts and when he discovered that he could, he has been reasonably diligent in pursuing his rights." *Id*. Haun's ignorance of appellate procedure, however, does not entitle him to equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Furthermore, Haun's claim that he has been diligent in pursuing his rights is conclusory, unsupported by the record, and therefore fails to establish that he is entitled to equitable tolling. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

For all of these reasons, Haun is not entitled to equitable tolling.

**B.    Haun's Actual Innocence Claim Fails to meet the Requirements of *McQuiggin v. Perkins.***

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Reviewing Haun's claims as construed to allege that he is actually innocent, he fails to satisfy the conditions for such relief set forth in *McQuiggin.*. *See* Pet. 1, ECF No. 1; Response 1-7, ECF No. 18.

In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA statute of limitations. 569 U.S. at 386. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v.*

*Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id*. at 395.

The Court has addressed this because Haun writes that he asserts a claim or actual innocence. Pet. 6, ECF No. 10. But other than reciting this phrase, Haun has wholly failed to show any credible claim that he can satisfy th*e McQuiggin* actual innocence standard.

In sum, as Haun's § 2254 petition is filed beyond the applicable one-year deadline from finality of judgment, he has not shown that he is entitled to statutory or equitable tolling, and he has not met the *McQuiggin* standard of factual innocence, the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.

## V.     CONCLUSION

It is therefore **ORDERED** that Kenneth Ray Haun's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day** of **January, 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE